# IN THE COURT OF APPEALS OF IOWA

No. 18-1317
Filed January 23, 2019

**IN THE INTEREST OF J.H., J.H., and J.H.,**
**Minor Children,**

**J.H., Father,**
    Appellant,

**T.H., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Robb D. Goedicke of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellant father.

Raya D. Dimitrova of Carr & Wright, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to three children,[1] the older child born in January 2017 and the twins born prematurely in December 2017.[2] The older child was removed from the parents' custody due to an ongoing domestic-violence situation in July 2017. The twins were formally removed from the parents' custody in January 2018. After a June 20, 2018 termination-of-parental-rights hearing, the juvenile court terminated the parents' parental rights on July 18, 2018, pursuant to Iowa Code section 232.116(1)(g) and (h) (2018).

On appeal, the mother and father challenge the existence of grounds for termination. The father also asserts the juvenile court erred in determining termination is in the children's best interests and failing to give due consideration to the positive strides the father had recently made.

Upon our de novo review, *see In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012), we find clear and convincing evidence the children could not be returned to the parents' custody at present without risk of adjudicatory harm. We commend the parents for their recent efforts to obtain safe and suitable housing, support in their new-found church and faith, and counseling. Yet, the father asked for additional

---

[1] The father and mother have been together since 2008. The parents' rights as to another child were previously terminated.

Each parent has an extensive history with involvement with the department of human services (DHS). The father has had twelve children and has been involved with DHS intermittently for eighteen years. The mother has had nine children, four with the father, and has also been involved with DHS over a number of years. Their parental rights have been terminated to several of these children.

[2] The twins both tested positive for cocaine at birth and have never been in the parents' care.

time to establish he could remain substance free, thus acknowledging that the children could not be returned to the parents' care at present.

Neither parent has seriously addressed their domestic violence toward one another. The father has suffered a brain injury and has a history of domestic violence. The mother is mentally low functioning, has difficulty caring for herself, struggles to communicate effectively, and also has a history of domestic violence. The father acknowledges a thirty-year problem with drug abuse and admits he relapsed with crack cocaine in April 2018. Both parents denied more recent drug use but both tested positive for cocaine in May 2018. Visits between the parents and children have not progressed beyond being fully supervised. Counselors for both parents reported concern about the parent being able to care for the children safely. Because the children are under three years of age, have been adjudicated children in need of assistance, have been out of the parents' custody for at least six consecutive months, and cannot be returned to the parents at present, termination of parental rights is appropriate pursuant to section 232.116(1)(h). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

These children are very young and have been out of the parents' care for the majority of their lives. The twins have never resided with the parents. The children are doing well in their respective placements and their foster families have indicated a willingness and desire to provide permanency for the children. Considering the children's safety, "the best placement for furthering the[ir] long-term nurturing and growth", and their "physical, mental, and emotional condition

and needs," we conclude termination is in the children's best interests. *See* Iowa Code § 232.116(2). No factor listed in section 232.116(3) mitigates against termination. We affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**